## George S. Moshier v. Fred. Seacord.

1. VERDICTS—*Upon Conflicting Evidence.*—Where the evidence is conflicting, in the absence of error upon the trial, the Appellate Court will not disturb the verdict.

Assumpsit, for services, etc. Appeal from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

J. J. & G. TUNNICLIFF and J. A. McKENZIE, attorneys for appellant.

THOMPSON & SHUMWAY, attorneys for appellee.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee to recover for training two mares and breaking a horse belonging to appellant, for money paid for shoeing the mares and for a pair of shin boots furnished for one of them, for money furnished appellant's son, and for the services of a stallion called Haverill to three of appellant's mares. There was a verdict for appellee for $400, on which judgment was entered.

A reversal is sought upon the grounds that the verdict was against the evidence and excessive, and that the court erred in ruling upon the admission of evidence and in giving and modifying instructions.

In February, 1889, appellant bought a trotting bred mare named Adelia, in New York, for $1,800, and shipped her to appellee at Galesburg. Soon after he bought a mare named Nanee, in Kentucky, for $1,100, and also shipped her to appellee. The mares were kept and driven by appellee and his trainer until November 22d following, and he claimed $1 per day for each and for the shoeing and shin boots. Appellee also handled appellant's horse Beckum eighteen days, and charged $18 for such service and keeping.

The stallion service was to three mares at $30 to insure. Two of them were not with foal, and the other was sold by appellant before it was ascertained whether she was with foal, and it was unknown whether she had a foal or not. The main controversy in the case was whether the mares, Adelia and Nanee, were taken by appellee under an agreement that they should be trained for speed, or only to be driven and exercised on the road, and whether the amount charged was reasonable. The evidence was directly contradictory as to the contract and as to whether the mares were in fact trained or only driven on the road.

There was no error in ruling on the admission of evidence

or in giving or modifying instructions, and the points made on those questions do not require discussion.

In view of the conflict in the evidence, we do not feel warranted, in the absence of any error on the trial, in disturbing the judgment on the ground that the verdict was not supported by the evidence, or that the damages were excessive.    The judgment is affirmed.